In re GENMAR HOLDINGS, INC.; Carver Italia, LLC; Carver Yachts International, LLC; Genmar Minnesota, Inc.; Carver Industries, LLC; Genmar Florida, Inc.; Genmar Industries, Inc.; Genmar IP, LLC; Genmar Manufacturing of Kansas, Inc.; Genmar Michigan, LLC; Genmar Tennessee, Inc., Formerly doing business as Stratos Boats, Inc., also known as Champion Boats, also known as Hydra Sport Boats; Genmar Transportation, Inc.; Genmar Yacht Group, LLC, Formerly doing business as Carver Boat Corporation LLC, also known as Carver Boats, also known as Marquis Boats; Marine Media, LLC; Minstar, LLC; Triumph Boats, Inc., Triumph Boats; Triumph Boat Rentals, LLC; VEC Leasing Services, LLC; VEC Management Co., LLC; VEC Technology, Inc.; Windsor Craft Yachts, LLC; Wood Manufacturing Company, Inc., Debtors,

---

[1]. The Honorable James M. Moody, United States District Judge for the Eastern District of Arkansas.

**David Scot Lynd, Appellant,**

v.

**Genmar Holdings, Inc.; Carver Italia, LLC; Carver Yachts International, LLC; Genmar Minnesota, Inc.; Carver Industries, LLC; Genmar Florida, Inc.; Genmar Industries, Inc.; Genmar IP, LLC; Genmar Manufacturing of Kansas, Inc.; Genmar Michigan, LLC; Genmar Tennessee, Inc.; Genmar Transportation, Inc.; Genmar Yacht Group, LLC; Marine Media, LLC; Minstar, LLC; Triumph Boats, Inc.; Triumph Boat Rentals, LLC; VEC Leasing Services, LLC; VEC Management Co., LLC; VEC Technology, Inc.; Windsor Craft Yachts, LLC; Wood Manufacturing Company, Inc., Appellees.**

No. 11–1608.

United States Court of Appeals, Eighth Circuit.

Submitted: Dec. 7, 2011.

Filed: Dec. 19, 2011.

David Scot Lynd, Mesquite, TX, pro se.

James L. Baillie, Douglas W. Kassebaum, Ryan Timothy Murphy, Fredrikson & Byron, Minneapolis, MN, Rebecca L. Peterson, Jennifer Gene Lurken, Maschka & Riedy, Mankato, MN, for Appellees.

Before MELLOY, BOWMAN, and SHEPHERD, Circuit Judges.

PER CURIAM.

David Scot Lynd appeals from an order of the Bankruptcy Appellate Panel (BAP) dismissing his appeal for failure to prosecute because he did not pay the filing fee.

In his opening brief submitted to this Court, Lynd does not mention the filing-fee issue, addressing instead the merits of his underlying bankruptcy-court claim. Issues not raised in an opening brief are deemed waived. *See Jenkins v. Winter,* 540 F.3d 742, 751 (8th Cir.2008). Accordingly, we dismiss this appeal because Lynd has not articulated any reason why the BAP's dismissal order was improper and thus has not presented this court with any question for decision. *See Carter v. Lutheran Med. Ctr.,* 87 F.3d 1025, 1026 (8th Cir.1996) (per curiam); *Slack v. St. Louis Cnty. Gov't,* 919 F.2d 98, 99–100 (8th Cir. 1990) (per curiam).